UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HOUX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00116-CDB (PC)<br><br>ORDER GRANTING REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2) |

　　　　Plaintiff Victor Houx ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff initiated this action with the filing of a complaint on January 25, 2024. *Id*. That same day, Plaintiff submitted an application to proceed *in forma pauperis* by a civil detainee. (Doc. 2).

　　　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to

---

[1] The required fee includes a $350 filing fee and a $55 administrative fee, as of December 1, 2023.

proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

"Unlike other indigent litigants, prisoners proceeding in forma pauperis must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1); T*aylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

However, persons who file suit after having been released from custody are no longer "prisoners" as defined by the PLRA and are therefore not subject to 28 U.S.C. § 1915(b), 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirements, or 28 U.S.C. § 1915(g)'s "three-strikes" provision. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (a person confined under California's Sexually Violent Predator Law, while "a prisoner within the meaning of the PLRA when he served time for his conviction, [] ceased being a 'prisoner' when he was released from the custody of the Department of Corrections"); *Jackson v. Fong*, 870 F.3d 928, 934-35 (9th Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but released by the time he filed an amended complaint was not subject to the PLRA's exhaustion requirement); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) (noting that § 1915(g)'s three-strikes rule does not apply to a civil action of appeal filed after former prisoner was released on parole).

Plaintiff does not appear to have been a "prisoner" as defined by the PLRA at the time he filed this action. Plaintiff asserts he was "transferred from [Coalinga] State Hospital and arrived at the county jail to be booked in as a civil detainee on January 7, 2020," under civil proceedings from the California Welfare and Institution Code § 6600 and pending criminal charges. (Doc. 1 at 3). Therefore, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor § 1915(g)'s "three strikes" bar apply to this case. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005).

Further, examination of Plaintiff's documents reveals that he is unable to afford the costs of this action.  (Doc. 2).

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED; and,
2. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:  **February 2, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

3