UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HOUX,<br><br>               Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY,<br><br>               Defendant. | Case No.: 1:24-cv-00116-CDB (PC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO KEEP THE COURT APPRISED OF HIS CURRENT ADDRESS AND TO OBEY A COURT ORDER<br><br>(Doc. 7)<br><br>**14-DAY DEADLINE** |

Plaintiff Victor Houx ("Plaintiff") is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Following screening, this action proceeds on Plaintiff's complaint, filed on January 25, 2024, against Defendant Fresno County for claims under *Monell* for failure-to-protect and failure-to-train. (Doc. 1).

On March 14, 2025, the Court entered an order finding service appropriate and forwarded service documents to Plaintiff to complete and return within 30 days from the date of service of the order. (Doc. 7). Plaintiff was forewarned that "[a]ny failure … to comply with this order will result in a recommendation that this action be dismissed." (*Id.* at 2) (emphasis removed). On March 24, 2025, service of the order by mail on Plaintiff at his last known address—Coalinga State Hospital, P.O. Box 5003, Coalinga, CA 93210—was returned as undeliverable, and Plaintiff was ordered to file a notice of change of address by May 1, 2025. (*See* Dkt. 3/24/2025).

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

As explained in the Court's first informational order, a party appearing pro se must keep the Court advised of his current address. (Doc. 3 at 5). Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." E.D. Cal. Local Rule 182(f). Pursuant to Local Rule 183(b), if mail directed to a pro se plaintiff "is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." E.D. Cal. Local Rule 183(b).

Here, Plaintiff has failed to file a notice of change of address and the time to do so has passed. This case is unable to proceed without Plaintiff's participation in adhering to his continuing duty to notify the Court of any change of address. (Doc. 3 at 5) (citing E.D. Cal. Local Rule 183(b)).

*Remainder of This Page Intentionally Left Blank*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff SHALL show cause in writing **within 14 days** of the date of service of this order why sanctions should not be imposed for his failure to keep the Court apprised of his current address and to comply with the Court's order and the Local Rules, as set forth herein. Alternatively, Plaintiff may comply with this order by filing by that same deadline a notice of change of address.

**Any failure by Plaintiff to timely respond to this Order will result in the recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to comply with the Local Rules and to obey a court order.**

IT IS SO ORDERED.

Dated:   **May 5, 2025**

_____
UNITED STATES MAGISTRATE JUDGE

3